UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KEITH G. NEWBORN,

                        Petitioner,

     -against-

LYNN LILLEY,

                       Respondent.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-5490 (JMA)

FILED
CLERK
3/10/2021 3:14 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      On November 10, 2020, incarcerated petitioner Keith G. Newborn ("petitioner"), acting pro se, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with an application to proceed in forma pauperis. Petitioner seeks to challenge a 2004 judgment of conviction against him in the Supreme Court in the State of New York, County of Suffolk, upon jury verdict finding him guilty of sodomy in the first degree and sexual abuse in the first degree. (See Pt., ECF No. 1 at ¶¶ 1, 3, 5.) However, by Memorandum and Order dated February 7, 2013, the Honorable Sandra J. Feuerstein denied a petition filed by petitioner that sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the same conviction. See Newborn v. Smith, 09-CV-4844 (SJF) at ECF No. 31.

      Upon review of the declaration accompanying petitioner's application to proceed in forma pauperis, the Court finds that petitioner's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. §1915(a)(1). Accordingly, petitioner's application to proceed in forma pauperis is granted. However, for the reasons that follow, the petition is transferred to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.

1

The Antiterrorism and Effective Death Penalty Act "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003). Accordingly, petitioner must move for authorization to pursue this successive petition for habeas relief in the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2244(b)(3)(A). In the interest of justice, the Clerk of Court shall transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. Torres, 316 F.3d at 151-52 (citing Liriano v. United States, 95 F.3d 119, 121-23 (2d Cir. 1996) ("[W]e have held that a district court must transfer uncertified successive motions to th[e Second Circuit Court of Appeals] pursuant to 28 U.S.C. § 1631. . ."). This order closes this case. If the Second Circuit authorizes petitioner to proceed in this matter, he shall move to reopen this docket number, 20-CV-5490 (JMA).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and in forma pauperis status is therefore denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: March 10, 2021
Central Islip, New York

                                                  /s/ (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE